# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

JANE DOE (J.R.F.), an individual,

        Plaintiff,

    v.

SECOND STREET INVESTMENTS
LLC, *doing business as*
Anchorage Uptown Hotel
*doing business as*
Anchorage Uptown Suites,

        Defendant.

Case No. 3:24-cv-00290-SLG

## ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS

Before the Court at Docket 24 is Defendant Second Street Investments LLC's Motion for Judgment on the Pleadings. Plaintiff Jane Doe (J.R.F.) responded in opposition at Docket 26. Defendant replied at Docket 27. Oral argument on the motion was not requested and was not necessary for the Court's determination. For the following reasons, the motion is GRANTED with leave to amend.

## BACKGROUND

Plaintiff initiated this action on December 31, 2024, pursuant to the Trafficking Victims Protection Reauthorization Act ("TVPRA") against Defendant

for its alleged role in facilitating Plaintiff's trafficking.[1]  The allegations against Defendant, as pled in the Complaint and taken as true for the purposes of this motion for judgment on the pleadings, are as follows:

Plaintiff Jane Doe (J.R.F.) is an Alaska resident who was sex trafficked at various times from 2003 through December 2014.[2]  The Complaint alleges that Plaintiff's trafficker used coercion and physical violence to force Plaintiff to engage in commercial sex acts for his financial gain.[3]  Plaintiff's trafficking occurred in rooms at the Anchorage Uptown Suites in Anchorage, Alaska—a hotel "owned, operated, controlled, and/or managed" by Defendant.[4]

According to the Complaint, hotels are the primary venues where sex trafficking occurs.[5]  Given the seriousness and prevalence of the problem, government agencies and advocacy organizations have dedicated significant resources to educating the hotel industry—including Defendant—on how to identify and respond to signs of sex trafficking.[6]  These signs, or "red flags," are well-known, follow established patterns, and can be easily detected by properly

---

[1] Docket 1.

[2] Docket 1 at ¶¶ 9, 17.

[3] Docket 1 at ¶ 17.

[4] Docket 1 at ¶¶ 13, 18-20.

[5] Docket 1 at ¶ 22.

[6] Docket 1 at ¶¶ 23-25.

Case No. 3:24-cv-00290-SLG, *Doe v. Second Street Investments LLC*
Order on Motion for Judgment on the Pleadings
Page 2 of 16

trained hotel staff.[7]  Plaintiff alleges that "Defendant had a responsibility to adopt, implement, and adequately enforce policies to avoid facilitating sex trafficking and to train hotel staff to identify and respond to 'red flags' of sex trafficking."[8]  But Plaintiff alleges Defendant instead "chose[] to continue to benefit from sex trafficking of victims like [Plaintiff]."[9]

In addition to industry-wide awareness, Plaintiff alleges Defendant had both actual and constructive knowledge of ongoing trafficking at Anchorage Uptown Suites "based on obvious indicators of this activity."[10]  According to the Complaint, Defendant knew or should have known that "sex trafficking was widespread and ongoing at the Anchorage Uptown Suites."[11]  Sex traffickers, including Plaintiff's trafficker, repeatedly used the Anchorage Uptown Suites because Defendant's policies and practices "created a favorable environment for trafficking" as hotel staff allegedly ignored obvious indicators of trafficking.[12]  During the period Plaintiff was trafficked at the Anchorage Uptown Suites, Plaintiff alleges that there were multiple "red flags" that are well-recognized in the hospitality industry as signs

---

[7] Docket 1 at ¶¶ 24-26, 33-35.

[8] Docket 1 at ¶ 35.

[9] Docket 1 at ¶ 36.

[10] Docket 1 at ¶ 37-39.

[11] Docket 1 at ¶ 38.

[12] Docket 1 at ¶ 40; *see also* Docket 1 at ¶¶ 41-49.

Case No. 3:24-cv-00290-SLG, *Doe v. Second Street Investments LLC*
Order on Motion for Judgment on the Pleadings
Page 3 of 16

indicating that Plaintiff was being trafficked at the Anchorage Uptown Suites.[13] Plaintiff's trafficker "was often present with [Plaintiff] at check in and would linger around the hotel or in the parking lot while [Plaintiff] was with a john."[14] Hotel staff placed Plaintiff and her trafficker in rooms that were away from other hotel guests.[15] There was a high volume of men entering and exiting Plaintiff's room who were not hotel guests, who would arrive and depart at unusual hours and remain at the hotel only briefly.[16]

On the basis of these allegations, Plaintiff brings two causes of action. The first cause of action alleges that Defendant has perpetrator liability under the TVPRA.[17] The second cause of action alleges that Defendant has beneficiary liability under the TVPRA as a result of its participation in an unlawful venture with sex traffickers.[18]

Although Plaintiff's causes of action would largely appear to be facially foreclosed by the 10-year statute of limitations under the TVPRA, the Complaint alleges that Plaintiff is entitled to invoke the discovery rule, the doctrine of equitable

---

[13] Docket 1 at ¶¶ 40, 44, 48-50.

[14] Docket 1 at ¶ 50.

[15] Docket 1 at ¶ 50.

[16] Docket 1 at ¶ 50.

[17] Docket 1 at ¶¶ 78-80; *see* 18 U.S.C. §§ 1591, 1595(a).

[18] Docket 1 at ¶¶ 81-83.

Case No. 3:24-cv-00290-SLG, *Doe v. Second Street Investments LLC*
Order on Motion for Judgment on the Pleadings
Page 4 of 16

Case 3:24-cv-00290-SLG   Document 35   Filed 05/07/26   Page 4 of 16

tolling, and/or the continuing tort doctrine (also known as the continuing violation doctrine).[19] In this regard, Plaintiff alleges that "[a]t the time she was harmed and through at least December 2014, [Plaintiff] was under coercion and control of traffickers who abused and manipulated her" and so she "did not discover and could not reasonably have discovered the legal cause of her injuries more than ten years before she filed this lawsuit."[20] Plaintiff also alleges that as "as a result of being a victim of trafficking, [she] faced extraordinary circumstances, which arose through no fault of her own, that prevented her from pursuing her legal remedies" such that equitable tolling should apply.[21] And Plaintiff alleges that her "continuous trafficking resulted from Defendant's continuous facilitating of trafficking at the [Anchorage Uptown Suites] and Defendant's ongoing venture with criminal traffickers."[22]

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter

---

[19] Docket 1 at ¶¶ 84-89.

[20] Docket 1 at ¶ 84.

[21] Docket 1 at ¶ 86.

[22] Docket 1 at ¶ 89.

Case No. 3:24-cv-00290-SLG, *Doe v. Second Street Investments LLC*
Order on Motion for Judgment on the Pleadings
Page 5 of 16

of law."[23]  When deciding such a motion, the court "accept[s] all factual allegations in the complaint as true and construe[s] them in the light most favorable to the non-moving party."[24]

A Rule 12(c) motion for judgment on the pleadings is functionally identical to a motion to dismiss for failure to state a claim under Rule 12(b)(6), because both motions challenge the legal sufficiency of the opposing party's pleadings.[25] "Although Rule 12(c) does not mention leave to amend, courts have discretion to grant motions for judgment on the pleadings with leave to amend."[26] As with a motion to dismiss, "[a] complaint should not be dismissed without leave to amend unless amendment would be futile."[27]  When a motion to dismiss is granted, a court "should freely give leave when justice so requires."[28]  However, "leave may be denied if amendment of the complaint would be futile."[29]  Futility exists when "the

---

[23] *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (citing *Heliotrope Gen., Inc. v. Ford Motor Co.,* 189 F.3d 971, 979 (9th Cir. 1999)).

[24] *Herrera v. Zumiez, Inc.*, 953 F.3d 1063, 1068 (9th Cir. 2020) (citing *Fleming*, 581 F.3d at 925).

[25] *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011) (holding that "Rule 12(c) is 'functionally identical' to Rule 12(b)(6) and that 'the same standard of review' applies to motions brought under either rule" (citing *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)).

[26] *Toma v. Univ. of Haw.*, Case No. 16-00499 RLP, 2017 WL 4782629, at *5 (D. Haw. Oct. 23, 2017); *see Gregg v. Dep't of Pub. Safety*, 870 F.3d 883, 889 (9th Cir. 2017) (reversing district court's decision denying plaintiff leave to amend after granting defendant's motion for judgment on the pleadings based on statute of limitations grounds).

[27] *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1086 (9th Cir. 2014).

[28] Fed. R. Civ. P. 15(a).

[29] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845

Case No. 3:24-cv-00290-SLG, *Doe v. Second Street Investments LLC*
Order on Motion for Judgment on the Pleadings
Page 6 of 16

allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[30]

## DISCUSSION

18 U.S.C. § 1595(c) provides that a TVPRA action must be initiated no later than the latter of "10 years after the cause of action arose" or "10 years after the victim reaches 18 years of age, if the victim was a minor at the time of the alleged offense." Here, Plaintiff alleges that "[h]er trafficking began around 2003 and continued through December 2014."[31] The Complaint in this case was filed on December 31, 2024; nowhere in the Complaint does Plaintiff plead that she turned 18 years of age after December 31, 2014.[32] Accordingly, unless an exception applies, Plaintiff's claims are foreclosed to the extent they are premised on any trafficking activity that occurred prior to December 31, 2014.

Defendant seeks judgment on the pleadings because, in Defendant's view, "it is clear from the face of the Complaint that Plaintiff's claims are untimely under the statute of limitations for TVPRA claims."[33] Plaintiff responds that "[b]ecause Plaintiff filed this action within ten years of the last alleged act of trafficking, her

---

F.2d 193, 195 (9th Cir. 1988)).

[30] *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (citation omitted).

[31] Docket 1 at ¶ 17.

[32] *See generally* Docket 1.

[33] Docket 25 at 11.

Case No. 3:24-cv-00290-SLG, *Doe v. Second Street Investments LLC*
Order on Motion for Judgment on the Pleadings
Page 7 of 16

Case 3:24-cv-00290-SLG     Document 35     Filed 05/07/26     Page 7 of 16

claims are timely under the continuing tort doctrine" and "even if the Court were to consider accrual earlier than December 2014, Plaintiff plausibly alleges facts supporting both equitable tolling and delayed accrual under the discovery rule."[34]

As to the continuing tort doctrine, Plaintiff contends that her "claims are timely under the continuing tort doctrine because the alleged trafficking and facilitation constituted an ongoing course of wrongful conduct that did not conclude until December 2014."[35] Plaintiff acknowledges that "the Ninth Circuit has not yet definitively ruled on the doctrine's application to TVPRA claims," but notes that several district courts, in unpublished opinions, have found that the rule applies to TVPRA claims.[36]

"The continuing violation doctrine is an exception to the discovery rule of accrual which allows a plaintiff to seek relief for events outside of the limitations period 'as long as the last act evidencing the continuing practice falls within the limitations period.'"[37] Prior to 2002, the Ninth Circuit had broadly applied the

---

[34] Docket 26 at 9.

[35] Docket 26 at 11

[36] Docket 26 at 11 (citing *Doe A. v. Seatac Hotels LLC*, Case No. C24-1270 MJP, 2025 WL 474233, at *6 (W.D. Wash. Feb. 12, 2025); *A.B. v. Interstate Mgmt. Co., LLC*, Case No. 3:23-cv-00388-IM, 2024 WL 5264652, at *3–4 (D. Or. Dec. 31, 2024); *Schneider v. OSG, LLC*, Case No. 22-cv-7686, 2024 WL 1308690, at *5 (E.D.N.Y. Mar. 27, 2024); *J.M. v. Choice Hotels Int'l, Inc.*, Case No. 2:22-cv-00672-KJM-JDP, 2022 WL 10626493, at *6 (E.D. Cal. Oct. 18, 2022); *Headley v. Church of Scientology Int'l*, Case No. CV 09-3987 DSF, 2009 WL 10671965, at *6 (C.D. Cal. Aug. 12, 2009)).

[37] *Doe v. G6 Hosp., LLC*, Case No. 2:24-cv-01235-RSL, 2025 WL 1167550, at *4 (W.D. Wash. Apr. 22, 2025) (quoting *Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 746 (9th Cir. 2019)).

Case No. 3:24-cv-00290-SLG, *Doe v. Second Street Investments LLC*
Order on Motion for Judgment on the Pleadings
Page 8 of 16

continuing violation doctrine to plaintiffs that had been subjected to a series of related acts, one or more of which fell within the limitations period.[38] In 2002, the Supreme Court in *National Railroad Passenger Corp. v. Morgan* ruled that the Ninth Circuit's application of the continuing violation doctrine to "serial violations" consisting of discrete acts was unduly expansive.[39] The Supreme Court held that the doctrine could be applied to "hostile environment" workplace claims, where the very nature of the claim requires repeated conduct, but was not properly applicable to "[d]iscrete acts," such as "termination, failure to promote, denial of transfer, or refusal to hire," as each such act is actionable on its own.[40]

The distinction drawn by the Supreme Court in *Morgan* has resulted in several district courts in this Circuit holding that the continuing violation doctrine is not applicable to TVPRA claims.[41] As the district court in *Doe v. G6 Hospitality* explained:

---

[38] *See, e.g.*, *Morgan v. Nat'l R.R. Passenger Corp.*, 232 F.3d 1008, 1016 (9th Cir. 2000), *aff'd in part, rev'd in part*, 536 U.S. 101 (2002); *Gutowsky v. County of Placer*, 108 F.3d 256, 259 (9th Cir. 1997).

[39] 536 U.S. 101, 114 (2002).

[40] *Id.* at 114; *see also Bird*, 935 F.3d at 748 (noting that after the Supreme Court's holding in *Morgan*, "little remains of the continuing violations doctrine" in the Ninth Circuit "except for a limited exception for hostile work environment claims").

[41] *See Doe v. Six Continents Hotels Inc.*, Case No. CV 24-11219-MWF, 2025 WL 2020003, at *5 (C.D. Cal. June 26, 2025) (holding that the continuing tort doctrine does not apply to TVPRA claims); *G6 Hosp.*, 2025 WL 1167550, at *4-*5 (same); *Christina T. v. Bellagio LLC*, Case No. 2:25-cv-145 JCM (DJA), 2025 WL 2962780, at *3 (D. Nev. Oct. 17, 2025) (same); *Marcy C. v. MGM Resorts Int'l*, Case No. 2:24-cv-2027 JCM (MDC), 2025 WL 3187434, at *3 (D. Nev. Nov. 13, 2025). *But see Doe A*, 2025 WL 474233, at *6 (declining to dismiss TVPRA claim on statute of limitations grounds due to the continuing tort doctrine); *A.B.*, 2024 WL 5264652, at *4 (same).

Case No. 3:24-cv-00290-SLG, *Doe v. Second Street Investments LLC*
Order on Motion for Judgment on the Pleadings
Page 9 of 16
Case 3:24-cv-00290-SLG    Document 35    Filed 05/07/26    Page 9 of 16

> [A] hotelier's knowledge (or reckless disregard) of the fact that its hotel rooms are being used for sex trafficking and/or its knowing participation in a venture engaged in sex trafficking may develop through a series of acts and over a period of time. But once the requisite knowledge exists, each act of "harboring" or each receipt of a benefit from the sex trafficking venture is actionable under 18 U.S.C. § 1591(a). That the unlawful conduct is repeated does not stall the running of the limitations period or make all subsequent trafficking episodes part of a single illegal act. Each discrete, actionable act starts a new clock for filing a lawsuit alleg[ing] that act.[42]

Here, the Court similarly finds that the continuing violation doctrine does not apply to Plaintiff's TVPRA claims. Rather, each alleged act of sex trafficking at the Anchorage Uptown Suites constitutes a discrete, actionable tort. Accordingly, Plaintiff's claims as alleged in the Complaint fall outside the statute of limitations to the extent they are brought for conduct occurring prior to December 31, 2014.

This leaves the issue of whether Plaintiff has adequately stated claims against Defendant for harm occurring on December 31, 2014. Because of the lack of specificity in the Complaint as presently alleged, the Court cannot conclude that Plaintiff has stated a claim against Defendant for conduct on that one day. Plaintiff alleges that "[h]er trafficking began around 2003 and continued through December 2014," and that she "was trafficked at the Anchorage Uptown Suites" "[a]t various times and in an ongoing manner between 2008 through December 2014."[43] These allegations do not indicate whether any trafficking activity involving Plaintiff took

---

[42] *G6 Hosp.,* 2025 WL 1167550, at *5 (first citing *Morgan*, 536 U.S. at 114; and then citing *Bird*, 935 F.3d at 747).

[43] Docket 1 at ¶ 17.

Case No. 3:24-cv-00290-SLG, *Doe v. Second Street Investments LLC*
Order on Motion for Judgment on the Pleadings
Page 10 of 16

place at the Anchorage Uptown Suites on December 31, 2014. Even if the Court accepts that the above allegation was meant to indicate that Plaintiff was trafficked at the Anchorage Uptown Suites on December 31, 2014, the Complaint does not specifically allege what wrongful conduct was undertaken by Defendant on that particular day (for instance, by observing and ignoring "red flags").

As to Defendant's actions prior to December 31, 2014, in her response to Defendant's motion, Plaintiff maintains that she is entitled to equitable tolling because, as a result of the "severe physical violence, sexual assault, and psychological manipulation" she was subjected to "throughout her trafficking—and for years thereafter," "she experienced lingering impairments, including confusion, memory lapses, and an inability to understand the nature of her experiences or recognize that she had legal claims."[44]  However, the only allegation in Plaintiff's Complaint regarding equitable tolling is that "as a result of being a victim of trafficking, [she] faced extraordinary circumstances, which arose through no fault of her own, that prevented her from pursuing her legal remedies including but not limited to the filing of a lawsuit, and those circumstances did not end more than 10 years before [she] filed this lawsuit."[45]  In Plaintiff's view, "[t]hese allegations plausibly establish extraordinary circumstances that prevented Plaintiff from filing

---

[44] Docket 26 at 10.

[45] Docket 1 at 29, ¶ 86.

Case No. 3:24-cv-00290-SLG, *Doe v. Second Street Investments LLC*
Order on Motion for Judgment on the Pleadings
Page 11 of 16

Case 3:24-cv-00290-SLG   Document 35   Filed 05/07/26   Page 11 of 16

earlier despite reasonable diligence."[46]  Defendant responds that "[t]he conclusory allegations made in the Complaint do not demonstrate that Plaintiff was diligently pursuing her rights or that she faced extraordinary circumstances that prevented her from doing so."[47]

Equitable tolling requires a plaintiff to show "'(1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstances stood in [her] way and prevented timely filing.'"[48]  A plaintiff must demonstrate that she has been "reasonably diligent in pursuing [her] rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing [her] claim in federal court."[49]  And "it is only when an extraordinary circumstance prevented a petitioner acting with reasonable diligence from making a timely filing that equitable tolling may be the proper remedy."[50]

The Court agrees with Defendant that the Complaint does not satisfy Plaintiff's burden to allege plausible facts that if proven would show that she had been pursuing her rights diligently and that extraordinary circumstances existed such that equitable tolling should apply in this case.

---

[46] Docket 26 at 10.

[47] Docket 27 at 4.

[48] *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida,* 560 U.S. 631, 649 (2010)).

[49] *Smith v. Davis*, 953 F.3d 582, 599 (9th Cir. 2020) (en banc).

[50] *Id.* at 600.

Case No. 3:24-cv-00290-SLG, *Doe v. Second Street Investments LLC*
Order on Motion for Judgment on the Pleadings
Page 12 of 16
Case 3:24-cv-00290-SLG     Document 35     Filed 05/07/26     Page 12 of 16

As to the discovery rule, Plaintiff maintains that her allegations that "through at least December 2014 she remained under the control and psychological domination of her trafficker and did not recognize herself as a trafficking victim . . . plausibly establish that Plaintiff neither knew nor could reasonably have known of her injury or its causal connection to Defendant[] until years after the trafficking ended."[51]  Further, in Plaintiff's view, "[d]etermining when Plaintiff discovered, or reasonably should have discovered, her injury and its cause is a mixed question of law and fact that cannot be resolved at the pleading stage."[52]  Defendant responds that the discovery rule does not apply to TVPRA claims.[53]

"Under [the discovery rule], accrual is delayed until the plaintiff has discovered [her] cause of action."[54]  "The discovery rule exists in part to preserve the claims of victims who do not know they are injured and who reasonably do not inquire as to any injury."[55]  "Usually when a private party is injured, [she] is immediately aware of that injury and put on notice that [her] time to sue is

---

[51] Docket 26 at 10.

[52] Docket 26 at 10.

[53] Docket 27 at 5 (quoting *C.C. v. Rashid*, Case No. 2:23-cv-02056-GMN-BNW, 2025 WL 1785273, at *5 (D. Nev. June 26, 2025)).

[54] *Gabelli v. SEC*, 568 U.S. 442, 449 (2013) (internal quotation marks and citation omitted).

[55] *Id.* at 450.

Case No. 3:24-cv-00290-SLG, *Doe v. Second Street Investments LLC*
Order on Motion for Judgment on the Pleadings
Page 13 of 16

running."[56] "But when the injury is self-concealing, private parties may be unaware that they have been harmed."[57]

The Court finds that it need not determine whether the discovery rule applies to TVPRA claims because Plaintiff's Complaint fails to plausibly allege that her injury is self-concealing such that the rule would apply here. Even if Plaintiff was unaware that what was occurring to her constituted "trafficking" such that the TVPRA might apply to her, Plaintiff was aware that she was being harmed by being forced "to engage in commercial sex for [her trafficker's] financial benefit," as the Complaint alleges that she "was terrified to leave as she was scared of what physical harm, he could cause her if she did."[58]

## LEAVE TO AMEND

Rule 15 requires that leave to amend "be freely given when justice so requires."[59] "This policy is to be applied with extreme liberality."[60] The Supreme Court has identified five factors a court should consider when deciding whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously

---

[56] *Id.*

[57] *Id.*

[58] Docket 1 at 5, ¶ 17.

[59] Fed. R. Civ. P. 15(a)(2).

[60] *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation omitted) (citing *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 712 (9th Cir. 2001)).

Case No. 3:24-cv-00290-SLG, *Doe v. Second Street Investments LLC*
Order on Motion for Judgment on the Pleadings
Page 14 of 16
Case 3:24-cv-00290-SLG    Document 35    Filed 05/07/26    Page 14 of 16

amended its complaint.[61]  Of these, "the consideration of prejudice to the opposing party carries the greatest weight."[62]  Here, there is no evidence of bad faith, amendment would be unlikely to cause undue delay, no prejudice to Defendant has been shown, and Plaintiff has not previously amended her complaint.

The Court does not find that amendment would be futile.  As to the single day that is facially within the statute of limitations, Plaintiff may be able provide more specific allegations to give Defendant clearer notice of a viable claim on that date.  And, although Plaintiff has not yet done so, she could conceivably plead facts to support a finding that the statute of limitations has not run on certain pre-December 31, 2014 conduct.  For example, Plaintiff may be able to plead that she turned 18 years of age after December 31, 2014, and is therefore not subject to the statute of limitations discussed here.  Plaintiff may also be able to plead specific facts not inconsistent with her original Complaint that would demonstrate her entitlement to the benefit of the discovery rule and/or equitable tolling.

### CONCLUSION

Therefore, IT IS ORDERED that Defendant's Motion for Judgment on the Pleadings at Docket 24 is GRANTED and that Plaintiff is accorded leave to amend. Plaintiff may file a First Amended Complaint ("FAC") **within 30 days of the date**

---

[61] *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

[62] *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Eminence Cap.*, LLC, 316 F.3d at 1052); *see also Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (indicating a court should explain reasons for denying leave to amend).

Case No. 3:24-cv-00290-SLG, *Doe v. Second Street Investments LLC*
Order on Motion for Judgment on the Pleadings
Page 15 of 16
Case 3:24-cv-00290-SLG    Document 35    Filed 05/07/26    Page 15 of 16

**of this order**.

Failure to file an FAC by that date will be deemed a decision by Plaintiff to stand upon the existing allegations and the Court will then direct the Clerk of Court to enter final judgment in favor of Defendant.  If Plaintiff files a FAC, Defendant shall file an Answer or otherwise respond to the FAC within 21 days of the date the FAC is filed.

DATED this 7th day of May, 2026, at Anchorage, Alaska.

*/s/  Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:24-cv-00290-SLG, *Doe v. Second Street Investments LLC*
Order on Motion for Judgment on the Pleadings
Page 16 of 16

Case 3:24-cv-00290-SLG    Document 35    Filed 05/07/26    Page 16 of 16